UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-0009-MWF (PLAx)            Date:  February 19, 2019
Title:    818Computer, Inc. v. Sentinel Insurance Company, Ltd., et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

  Deputy Clerk:                             Court Reporter:
  Rita Sanchez                              Not Reported

  Attorneys Present for Plaintiff:          Attorneys Present for Defendant:
  None Present                              None Present

**Proceedings (In Chambers):** ORDER RE: MOTION TO REMAND UNDER 28 U.S.C. § 1441(B) [9]

Before the Court are three motions:

First is Plaintiff 818Computer, Inc.'s Motion to Remand Under 28 U.S.C. § 1441(b) (the "Remand Motion"), filed on January 9, 2019. (Docket No. 9). Defendants Sentinel Insurance Company, Ltd. ("Sentinel") and Brian Brueckel ("Brueckel") filed an Opposition on January 21, 2019. (Docket No. 11). Plaintiff filed a Reply on January 28, 2019. (Docket No. 16).

Second is Brueckel's Motion to Dismiss ("Brueckel MTD"), filed on January 9, 2019. (Docket No. 7). Plaintiff filed an Opposition on January 21, 2019. (Docket No. 12). Brueckel filed a Reply on January 28, 2019. (Docket No. 14).

Third is Sentinel's Motion to Dismiss Third Cause of Action ("Sentinel MTD"), filed on January 9, 2019. (Docket No. 8). Plaintiff filed an Opposition on January 21, 2019. (Docket No. 13). Sentinel filed a Reply on January 28, 2019. (Docket No. 15).

The Court read and considered the papers submitted on the motions and held a hearing on February 11, 2019.

For the reasons discussed below, the Remand Motion is **GRANTED**. Because the Court remands the action to Superior Court, the Brueckel and Sentinel MTDs are **DENIED** *as moot*.

Case No.  CV 19-0009-MWF (PLAx)                    Date:  February 19, 2019
Title:    818Computer, Inc. v. Sentinel Insurance Company, Ltd., et al.

## I.  BACKGROUND

Plaintiff initiated this action on December 5, 2018, in the Los Angeles County Superior Court.  (*See* Complaint ("Compl.") (Docket No. 1-1)).  Plaintiff asserts four claims for relief: (1) breach of contract against Sentinel; (2) breach of the implied covenant of good faith and fair dealing against Sentinel; (3) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, against Sentinel and Brueckel; and (4) negligent misrepresentation against Brueckel.  (*Id.* ¶¶ 11-62).  Defendants removed the action to this Court on January 2, 2019, invoking the Court's diversity jurisdiction, asserting that Brueckel was fraudulently joined.  (*See* Notice of Removal (Docket No. 1)).

The Complaint alleges as follows:

Plaintiff was, and currently is, the owner and operator of a business located at 20201 Sherman Way, Ste. 104A, Winnetka, California.  (Compl. ¶ 6).  Plaintiff's business is in the design, construction, testing, marketing, and sale of custom-built computer "rigs" for the "mining" of cryptocurrency (the "Subject Property").  (*Id.*).  Specifically, Plaintiff designed and built the computers and tested them for three months of continuous operation.  (*Id.* ¶¶ 8-9).  Computers that passed this "stress test" were sold under Plaintiff's warranty.  (*Id.* ¶ 9).  Plaintiff was insured for the risk of damage and loss to the Subject Property under a policy contract issued by Sentinel. (*Id.* ¶ 10).

On September 22, 2017, at approximately 3:00 a.m., the Subject Property was stolen or damaged during a burglary at Plaintiff's business address.  (*Id.* ¶ 12).  The burglars drove a vehicle through the front window of the business, and the resulting car crash created a hole in the building, through which the burglars entered and stole the Subject Property. (*Id.*).  Approximately 16 computer rigs were stolen, and several dozen other rigs sustained irreparable damage. (*Id.* ¶ 13).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 19-0009-MWF (PLAx)					Date: February 19, 2019
Title:		818Computer, Inc. v. Sentinel Insurance Company, Ltd., et al.

Plaintiff reported a claim to Sentinel and was assigned a claim number. (*Id.* ¶ 17). Brueckel was assigned to adjust Plaintiff's claim. (*Id.*). Brueckel is a citizen of the State of California. (*Id.* ¶ 3).

After Plaintiff reported the claim, Defendants arranged for an inspection and inventory of the Subject Property by Greer & Kirby, which labeled each rig with a numbered sticker. (*Id.* ¶ 18). However, Defendants ignored all evidence that proved the rigs were fully covered as a total loss and refused to acknowledge the scope of Plaintiff's business interruption, even though Plaintiff was unable to resume business since the date of the loss in September 2017. (*Id.* ¶ 20). Defendants, including Brueckel, "misinterpreted the Policy to exclude coverage for Plaintiff's claim, pursuant to a corporate policy to deny legitimate claims or limit payment of benefits on claims . . . and to support such denials by attempting to create phony 'genuine issues' regarding coverage and contract liability." (*Id.* ¶ 22). Defendants also shifted the burden of investigation onto Plaintiff instead of performing the necessary inspections and tests to determine the value of the Subject Property. (*Id.* ¶ 21).

Defendants denied Plaintiff's claim in a letter dated September 5, 2018. (*Id.* ¶ 32). The letter issued an additional payment of $4,189.32 based on an inventory and valuation of the Subject Property, but limited the damages to those that "exhibited obvious signs of damage from the vehicle." (*Id.*). Until the letter, Defendants had never suggested that Plaintiff somehow damaged the Subject Property beyond the burglary damage reported from the date of the loss. (*Id.* ¶ 33).

## II. REMAND MOTION

### A. Legal Standard

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-0009-MWF (PLAx)                    Date:  February 19, 2019
Title:      818Computer, Inc. v. Sentinel Insurance Company, Ltd., et al.

canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

A defendant is fraudulently joined if the defendant cannot be liable to the plaintiff on ***any*** theory alleged in the complaint. *See Maffei v. Allstate Cal. Ins. Co.*, 412 F. Supp. 2d 1049, 1053 (E.D. Cal. 2006) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). Not surprisingly, then, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).

Even when a pleading contains insufficient allegations to state a claim for relief against a non-diverse defendant, a remand is proper "where defendant fail[s] to show that plaintiff would not be granted leave to amend his complaint to cure the asserted deficiency by amendment." *Johnson v. Wells Fargo & Co.*, No. CV 14-06708 MMM JCX, 2014 WL 6475128, at *8 (C.D. Cal. Nov. 19, 2014) (quoting *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)). "Consequently, if a defendant simply argues that plaintiff has not pled sufficient facts to state a claim, the heavy burden of showing fraudulent joinder has not been met." *Martinez v. Michaels*, No. CV 15-02104 MMM (EX), 2015 WL 4337059, at *5 (C.D. Cal. July 15, 2015).

When considering a claim of fraudulent joinder, district courts may consider the complaint as well as other information presented by the parties. *Ritchey*, 139 F.3d at 1318 (holding that where fraudulent joinder is at issue, courts may look beyond complaint); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (considering complaint and affidavits to determine fraudulent joinder); *Gloger v. Lynch*, No. CV 16-05445-CAS-E, 2016 WL 4770015, at *4 (C.D. Cal. Sept. 2, 2016) ("Courts may consider affidavits or other evidence (presented by either party) on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 19-0009-MWF (PLAx)				Date: February 19, 2019
Title:		818Computer, Inc. v. Sentinel Insurance Company, Ltd., et al.

issue of whether a particular defendant's joinder is sham or 'fraudulent.'") (citations omitted).

## B. Discussion

Plaintiff argues that the action must be remanded because Defendants fail to satisfy their burden of establishing that there is no possibility that Plaintiff can state a claim against Brueckel. (Mot. at 4).

In support, Plaintiff relies on *Maghsoodi v. Assurant, Inc.*, No. CV 16-3867-GW(GJSX), 2016 WL 4411479 (C.D. Cal. Aug. 15, 2016) to argue that it has plausibly stated a claim against Brueckel for negligent misrepresentation. (Mot. at 4). In that case, defendants argued that plaintiff could not possibly state a claim against an insurance adjuster for negligent misrepresentation and intentional infliction of emotional distress where the adjuster was acting within the scope of his employment. *Id.* at *3. The court rejected this argument and remanded the action, relying on *Bock v. Hansen*, 225 Cal. App. 4th 215, 170 Cal. Rptr. 3d 293 (2014). *Id.* at *3-4.

In *Bock*, the California Court of Appeal held that "a cause of action for negligent misrepresentation can lie against an insurance adjuster." *Bock*, 225 Cal. App. 4th at 231. There, plaintiffs sued an insurance adjuster for negligent misrepresentation, alleging that the adjuster falsely represented that clean-up costs were not covered, which led one of the plaintiffs to incur physical injury when they began the cleanup themselves. *Id.* at 219.

The Court of Appeal observed as follows:

California courts have recognized a cause of action for negligent misrepresentation, i.e., a duty to communicate accurate information, in two circumstances. The first situation arises where providing false information poses a risk of and results in physical harm to person or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-0009-MWF (PLAx)			Date:  February 19, 2019
Title:	818Computer, Inc. v. Sentinel Insurance Company, Ltd., et al.

property.  The second situation arises where information is conveyed in a commercial setting for a business purpose.

*Id.* at 229.

Based on the two circumstances described above by the court in *Bock*, the district court in *Maghsoodi* rejected defendants' argument that no claim could lie against the insurance adjuster because there was no threat or occurrence of physical injury.  The court explained that "if the adjuster in *Bock* 'said what he said for a business purpose,' the same is true here.  So the lack of any physical injury does not aid [defendants] in prevailing upon their fraudulent joinder argument." *Maghsoodi*, 2016 WL 4411479, at *3.

As in *Maghsoodi*, Defendants make virtually an identical argument, *i.e.*, that *Bock* creates individual adjuster liability only when a negligent misrepresentation is coupled with physical harm.  (Opp. at 6).  However, as the court in *Maghsoodi* explained, *Bock* "plainly demonstrates that a claim of the type Plaintiff has set forth here — even in the absence of any threatened or realized physical injury to Plaintiff — can potentially be asserted against [the insurance adjuster]." *Maghsoodi*, 2016 WL 4411479, at *4.

Defendants argue that Plaintiff's reliance on *Maghsoodi* is misplaced, as the court there "focused on the business purpose circumstance, without consideration of why the business purpose circumstance could be relevant, while dismissing in a single sentence the insurer's argument that no harm had been alleged beyond the non-payment of the claim." (Opp. at 8).  Instead, Defendants urge the Court to adopt the analysis in *Feizbakhsh v. Travelers Commercial Ins. Co.*, No. LACV1602165JAKEX, 2016 WL 8732296 (C.D. Cal. Sept. 9, 2016), where the district court came to the conclusion that *Bock* "applied the well-settled rule that an agent can be held personally liable for negligent misrepresentation when physical injury results" because "[a]lthough *Bock* stated that the duty was due to a misrepresentation that resulted in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-0009-MWF (PLAx)                    Date:  February 19, 2019
Title:     818Computer, Inc. v. Sentinel Insurance Company, Ltd., et al.

physical injury and was made for a business purpose, the analysis discussed *only the former*." *Id.* at *5-6 (emphasis added).

It is clear, however, that "the uncertainty surrounding the proper scope of *Bock* indicates that Plaintiff's claim is not foreclosed by settled principles of California law and a state court must determine whether it has merit." *Zuccolotto v. Zurich Am. Ins. Co.*, No. 816CV01277JLSKESX, 2016 WL 10981515, at *3 (C.D. Cal. Sept. 26, 2016) (finding defendant not fraudulently joined where plaintiff stated a possible claim against insurance adjuster for negligent misrepresentation). Now that *Bock* has arguably opened the door, even a little, it is up to the California Supreme Court to slam the door shut.

Indeed, other courts, particularly in the employment context, have likewise rejected fraudulent joinder arguments even though claims for individual liability appeared weak or existed in only particular and somewhat unusual circumstances. *See Martinez*, 2015 WL 4337059, at *10 ("[E]ven where the allegations underlying an IIED claim appear to be a relatively weak, courts generally do not find fraudulent joinder, given that the sufficiency of the plaintiff's factual allegations is of limited import in deciding a motion to remand attacking a removal based on fraudulent joinder.") (internal quotation marks and alterations omitted); *Lizari v. CVS Pharmacy Inc.*, No. CV 10-10066 SVW AGRX, 2011 WL 223806, at *3 (C.D. Cal. Jan. 20, 2011) (finding no fraudulent joinder where, even though "individual supervisory employees do not risk personal liability for discrimination whenever they perform the job of making personnel decisions," such employees may be liable for harassment).

Therefore, the Court determines that Defendants fail to carry the "heavy burden" of showing that there is ***no possibility*** that Plaintiff can state a claim against Brueckel for negligent misrepresentation. Accordingly, the Court need not address Plaintiff's additional argument that the action should be remanded because Brueckel was not fraudulently joined as to Plaintiff's claim under the UCL.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-0009-MWF (PLAx)                    Date:  February 19, 2019
Title:     818Computer, Inc. v. Sentinel Insurance Company, Ltd., et al.

As the Court stated at the hearing, counsel for Defendants did all he could in attempting to meet the heavy burden here.

## III.  **CONCLUSION**

For the foregoing reasons, the Remand Motion is **GRANTED** and the Brueckel and Sentinel MTDs are **DENIED** *as moot*.  The Court **REMANDS** this action to the Los Angeles County Superior Court.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.  Local Rule 58-6.

IT IS SO ORDERED.